UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF THEIR MINOR CHILDREN, JOHNNY DOE AND JACK DOE; AND JANE DOE, AS PARENTS AND NATURAL GUARDIANS OF THEIR MINOR CHILDREN, JOHNNY DOE AND JACK DOE; <br><br> Plaintiffs, <br><br> vs. <br><br> FRONTIER LODGING OF SPEARFISH, L.L.C., <br><br> Defendant. | 5:24-CV-05076-RAL <br><br><br> ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYMS |

Before this Court is Plaintiffs' motion to proceed under pseudonyms. Doc. 18. For the following reasons, the motion is granted.

I. **Facts and Procedural Background**

Plaintiffs John and Jane Doe are the parents of minor children, Johnny Doe and Jack Doe. Defendant Frontier Lodging of Spearfish, L.L.C. ("Frontier"), owns and operates the Holiday Inn Convention Center and Lucky's 13 Pub in Spearfish, South Dakota. In December 2023, Plaintiffs and their children visited Lucky's 13 Pub for breakfast with family. Doc. 18 at 2. While there, Plaintiffs' two children used the public restroom that was shared between the Holiday Inn and Lucky's 13 Pub. Id. at 2–3. They were unaccompanied by the Plaintiffs. While in the restroom, Raven Schilly, an employee of Frontier, sexually assaulted Johnny Doe and Jack Doe. Id. at 3.

1

Schilly was ultimately charged with and convicted of sexual contact with a minor and kidnapping, and was sentenced to twenty-two years in prison. Id.

On October 3, 2024, the Plaintiffs filed a Complaint against Frontier, alleging negligent hiring, retention, and supervision of Schilly and failure to exercise control over Schilly. Doc. 1. The Plaintiffs filed their Complaint using pseudonyms, John and Jane Doe. In its Answer, Frontier objected to Plaintiffs using pseudonyms. Doc. 9. On December 20, 2024, Plaintiffs filed their motion to proceed under pseudonyms. Doc. 18. Frontier objects. Doc. 22.

## II. Discussion

"The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). Further, Rule 17(a) requires that "[a]n action . . . be prosecuted in the name of the real party in interest." "[N]othing in the Federal Rules of Civil Procedure . . . allows plaintiffs to proceed under pseudonyms," and "[f]ederal courts disfavor the use of fictitious names in legal proceedings" because it "runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto." Cajune v. Independent Sch. Dist. 194, 105 F.4th 1070, 1076 (8th Cir. 2024). Nevertheless, parties may proceed under pseudonyms in certain limited circumstances.

"[P]arty anonymity is only warranted when the need for anonymity outweighs countervailing interests in full disclosure." Id. at 1077. To make such a determination, this Court must employ a balancing inquiry, considering the following non-exhaustive list of factors:

> (1.) whether the party seeking anonymity was challenging government activity; (2.) whether identification threatened to reveal information of a sensitive and highly personal nature; (3.) whether a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution; (4.) the danger of retaliation; (5.) whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant; (6.) whether the public's interest in the case is furthered by requiring that the litigants disclose their

identities; and (7.) whether there exist alternative mechanisms that could protect the confidentiality of the litigants.

Doe v. Heartland Ivy Partners LLC, No. 24-cv-4347, 2025 WL 26643, at *1 (D. Minn. Jan. 3, 2025) (cleaned up and citation omitted). Some of the factors are not present in this case. This case does not involve a challenge to government activity nor is there a risk of criminal prosecution to the Plaintiffs. The Plaintiffs also do not argue that there is a danger of retaliation. This Court considers the remaining factors.

Identification of the Plaintiffs' identities threatens to reveal information of a sensitive and highly personal nature. This case involves the sexual assault of Plaintiffs' minor children in a hotel bathroom. Sexual assault is "a personal matter of the utmost intimacy," Roe v. St. Louis Univ., No. 4:08CV1474, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009), and information regarding a sexual assault is of a sensitive and highly personal nature. As such, "courts have allowed plaintiffs to use fictitious names to protect the privacy of vulnerable parties, such as children and rape victims." Cajune, 105 F.4th at 1077.

Moreover, identification of the Plaintiffs will reveal information about the sexual assault, primarily the identities of the child victims. The victims here were minor children. At the time of the offense, Johnny Doe was six years old, and Jack Doe was three years old. They are still minors, and their identities must be redacted under the Local Civil Rules for the United States District Court for the District of South Dakota. Under D.S.D. Civ. LR 5.2A, "parties must refrain from including, or must partially redact where inclusion is necessary, the . . . [n]ame of an individual known to be a minor." Local Rule 5.2 further states only the initials of the minor may be used. Despite the protection afforded to their children under the Local Rules, the Plaintiffs request that their identities be protected too. Although the Plaintiffs themselves were not the victims of the sexual assault, their identities "track their children's identities, which means their children's

identities can be readily surmised." Int'l Partners for Ethical Care Inc. v. Inslee, No. 3:23-cv-05736, 2023 WL 7017765, at *1 (W.D. Wash. Oct. 25, 2023). "Ordering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about" their minor children in the public record. S.E.S. v. Galena Unified Sch. Dist. No. 499, No. 18-2042, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018). Identifying the Plaintiffs' identities would threaten to reveal the identities of their two minor children and the details of the sexual assault they each endured. Allowing the Plaintiffs to proceed under pseudonyms would offer additional protection to their children.

Moreover, allowing the Plaintiffs to proceed under pseudonyms would not pose a unique threat of fundamental unfairness to the defendant. Frontier has not identified any specific harm it would suffer if the Plaintiffs were allowed to proceed using pseudonyms. Further, Frontier knows the real names of the Plaintiffs and thus will not be impeded from conducting meaningful discovery. See Does 1-8 v. Presley, No. 3:23-cv-230, 2024 WL 4108015, at *2 (E.D. Ark. Sept. 6, 2024) (collecting cases).

Next, this Court considers whether the public's interest in the case is furthered by requiring that the litigants disclose their identities. The public has a First Amendment interest in public proceedings. See Cajune, 105 F.4th at 1076. However, when "the plaintiffs' identities are not central to the issues raised by a case . . . the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously." Doe 1 v. GitHub, Inc. 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023). Here, the Plaintiffs' identities are not central to issues of concern to the public in this case. The Plaintiffs are bringing this suit on behalf of their two minor children and alleging that the children were harmed by Frontier's negligence. Although the Plaintiffs must prove that their two minor children were harmed by Frontier, the children's identities must remain protected under

the Local Rules. Thus, the public interest does not weigh against the Plaintiffs from proceeding under pseudonyms.

Finally, this Court must consider whether there exist alternative mechanisms that could protect the confidentiality of the Plaintiffs. "Other mechanisms that exist include redaction of documents and/or sealing, protective orders, and confidentiality agreements." Doe v. Townes, 19-cv-8034, 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020). However, "[b]ecause the identity of the [children] generally is the concern here, rather than certain specific information that could be redacted or sealed, this factor favors anonymity." Doe v. Salina, 23-CV-3529, 2024 WL 1259362, at *7 (E.D.N.Y. Mar. 25, 2024).

After weighing the various factors, this Court concludes that the Plaintiffs' interest in proceeding under pseudonyms outweighs countervailing interests in full disclosure. Thus, the motion to proceed under pseudonyms, Doc. 18, is granted.

Frontier also argues that the Plaintiffs failed to follow the proper procedure to proceed under pseudonyms. Frontier cites to Fed. R. Civ. P. 10(a) and D.S.D. LR 10.1 to support its argument, despite neither source prescribing a process for proceeding anonymously. Frontier also cites to Doe v. Aberdeen Sch. Dist., 1:18-CV-01025, 2019 WL 4452136, at *2 (D.S.D. Sep. 17, 2019), an opinion from this District, which lays out the "usual circumstances under which a court determines whether a plaintiff may proceed under a pseudonym." That opinion states a plaintiff should file a complaint under seal along with a pre-service motion to proceed pseudonymously. In that case, the plaintiff failed to follow the suggested process, and the court directed the plaintiffs to refile their complaint under seal, using their real names.

Frontier here appears to request that this Court do the same. In addition to providing Frontier with the information required in a complaint under Rule 10, ordering the Plaintiffs to

refile their Complaint under seal assists this Court in conducting necessary checks on potential conflicts of interest the undersigned or any Magistrate Judge may have. Thus, this Court will follow the court in <u>Doe v. Aberdeen Sch. Dist.</u> and direct the Plaintiffs to refile their Complaint under seal.

### III.   Conclusion

For the foregoing reasons, it is

ORDERED that the Plaintiffs' motion to proceed under pseudonyms, Doc. 18, is granted. It is further

ORDERED that the Plaintiffs refile their Complaint under seal using their real names as required by the Federal Rules of Civil Procedure and this Courts local rules.

DATED this 28th day of January, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE