UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF THEIR MINOR CHILDREN, JOHNNY DOE AND JACK DOE; AND JANE DOE, AS PARENTS AND NATURAL GUARDIANS OF THEIR MINOR CHILDREN, JOHNNY DOE AND JACK DOE;<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER LODGING OF SPEARFISH, L.L.C.,<br><br>Defendant. | 5:24-CV-05076-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE |

Pending before this Court is Defendant Frontier Lodging of Spearfish, L.L.C.'s ("Frontier") Motion for Judgment on the Pleadings, Doc. 10, and Motion to Strike Complaint, Doc. 12. For the following reasons, both motions are denied.

**I.    Motion for Judgment on the Pleadings**

**A.  Legal Standard**

Frontier filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate "only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Frontier's motion principally challenges the sufficiency of the allegations in the Complaint. Frontier argues that the

1

Does pleaded nothing more than "labels and conclusions" and failed to allege sufficient facts to support each ground for relief. Normally, this is the stuff of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted and not for judgment on the pleadings. But Rule 12(h)(2) explicitly permits raising a Rule 12(b)(6) defense in a 12(c) motion. "In this context, Rule 12(c) is merely serving as an auxiliary or supplementary procedural device to determine the sufficiency of the case before proceeding any further and investing additional resources in it." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed. 2024). Rule 12(c) motions for judgment on the pleadings that challenge the sufficiency of a complaint are reviewed under the same standards as a motion to dismiss pursuant to Rule 12(b)(6). See Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2008).

This Court must take the nonmoving party's well-pleaded factual allegations as true and make all inferences in the nonmoving party's favor. In re Archdiocese of St. Paul & Minneapolis, 888 F.3d 944, 950 (8th Cir. 2018). "However, this tenet does not apply to legal conclusions, formulaic recitation of the elements of a cause of action, or factual assertions which are so indeterminate as to require further factual enhancement." Union Ins. Co. v. Scholz, 473 F. Supp. 3d 978, 982 (D.S.D 2020). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Plaintiffs John and Jane Doe ("the Does") are the non-moving parties and their factual allegations are taken as true, with all reasonable factual inferences taken in their favor at this point. Thus, to survive Frontier's

Rule 12(c) motion, the Does' Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

### B. Facts Established and Embraced by the Pleadings and Procedural Background[1]

Plaintiffs John and Jane Doe, residents of Minnesota, are the parents of minor children, Johnny Doe and Jack Doe. Doc. 1 at 1. Frontier, a South Dakota limited liability company, owns and operates the Holiday Inn Convention Center and Lucky's 13 Pub in Spearfish, South Dakota. Id. at 2. In December 2023, the Does and their children Johnny and Jack visited Lucky's 13 Pub for breakfast with family. Id. at 5. At the time, Johnny was six years old and Jack was three years old. The Does allege that the Holiday Inn and Lucky's 13 Pub target their businesses to families with amenities designed to entice families with young children. Id. at 3–4.

While at Lucky's 13 Pub, the Doe children used the public restroom in the lobby that was shared between the Holiday Inn and Lucky's 13 Pub. Id. The restroom was used by both guests of the hotel and restaurant and Frontier's employees. Id. at 5. Johnny and Jack's mother took them to the "big boy's" restroom and waited for them outside of it, believing they were in a safe place for children. Id. at 5–6. Johnny and Jack entered the restroom and encountered a Frontier employee named Raven Schily. Schily exposed himself to and sexually assaulted both Johnny and Jack. Id. at 6. Worried about the time it was taking, the Doe children's mother tried to open the bathroom door, found it blocked, forced it open, and saw Schily with his pants down trying to block the door. Id. Shortly thereafter, police were called and Schily was arrested. Id. at 7.

The Does allege that Schily had a history of drug abuse and was a drug user at the time of the incident, had a history of pedophilia, and was caught performing sexual acts on young children

---

[1] This Court makes no factual findings at this stage and simply takes the well-pleaded allegations of the Complaint as true.

3

when he was a teenager. Id. at 4. The Does further allege that Schily had repeatedly violated South Dakota's law against sexually molesting children and had been ordered to a psychiatric treatment facility for sexually aggressive males between ages of 10 and 17 called Our Home, Inc. Id. Before hiring Schily to work in the hotel and restaurant, Frontier did not perform a background check on Schily nor have him submit to a drug test. Id. at 4–5. As an employee of Frontier, the Does alleged Schily had frequent interaction and access to Frontier's guests, including young children. Id. at 4. The Does also allege that Schily regularly searched for child pornography while at work for Frontier, used drugs before and during work, exhibited warning signs during his employment that informed or should have informed Frontier that he was a danger to Frontier's guests, and that Frontier did nothing about the threat Schily posed. Id. at 8.

Schily was ultimately charged with and convicted of sexual contact with a minor and kidnapping and received a twenty-two year prison sentence. Id. at 7–8. At Schily's sentencing hearing, law enforcement revealed that Schily was regularly searching for child pornography on his phone, including while at work. Id. On October 3, 2024, the Does filed a Complaint against Frontier, alleging negligent hiring, retention, and supervision of Schily and failure to exercise control over Schily. Id. at 10–13. The Does allege that, as a result of the incident, Johnny and Jack are traumatized to the extent that they are afraid to be away from their parents in public, will not use public restrooms, and continue to suffer emotional and physical damages. Id. at 9.

### C. Discussion

#### 1. Scope of Review

The Does contend that Frontier's Rule 12(c) motion really is a premature motion for summary judgment because Frontier references and attaches exhibits to its Answer. Doc. 16 at 11–12. Generally, courts must ignore matters outside the pleadings when ruling on a Rule 12(c)

motion. Saterdalen v. Spencer, 725 F.3d 838, 841 (8th Cir. 2013). However, courts "may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." Saterdalen, 725 F.3d at 841 (cleaned up and citations omitted). If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When this occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

Rule 7(a) of the Federal Rules of Civil Procedure defines "pleadings" to include both the complaint and the answer. Rule 10(c) in turn provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Reading the rules in the abstract, "[i]t would seem to follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Yet, "several courts have held that exhibits to an answer should not be considered on a [defendant's] motion for judgment on the pleadings unless they are also incorporated by reference in or integral to the complaint." Yao v. Chen, No. TDC-23-0889, 2025 WL 317517, at *6 (D. Md. Jan. 27, 2025).

Plaintiffs and defendants can both move for judgment on the pleadings. When a defendant moves for judgment on the pleadings, like in this case, the plaintiff's well-pleaded factual allegations in the complaint are taken as true and all inferences are construed in the plaintiff's favor. In re Archdiocese of St. Paul & Minneapolis, 888 F.3d at 950. But "[w]hen a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario." Lively v.

WAFRA Investment Advisory Group, Inc., 6 F.4th 293, 305 (2d Cir. 2021). Thus, without taking into consideration which party filed a Rule 12(c) motion, the entire universe of what *might* be considered on a motion for judgment on the pleadings includes the complaint, the answer, documents attached to the complaint or answer, and "some public records, materials that do not contradict the complaint [or answer], or materials that are necessarily embraced by the pleadings." Saterdalen, 725 F.3d at 841 (cleaned up and citations omitted). But this list shrinks depending on *who* files the motion for judgment on the pleadings.

This must be the result in light of Rule 12(d)'s conversion clause. If on a defendant's motion for judgment on the pleadings a court could consider all exhibits to an answer, "the conversion clause of [Rule 12(d)] would be too easily circumvented and disputed documents attached to an answer would have to be taken as true at the pleadings stage." Horsley, 304 F.3d at 1135; see also PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy, No. 19-CV-7577, 2024 WL 1199500, at *6 (S.D.N.Y. Mar. 20, 2024) ("[A]llowing parties to bootstrap 12(c) motions with record evidence risks circumventing the summary judgment procedure and runs afoul of the conversion provision of Rule 12(d)."). Accordingly, this Court, in deciding Frontier's motion for judgment on the pleadings, will not consider the exhibits attached to Frontier's Answer unless they contain "public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." Saterdalen, 725 F.3d at 841 (cleaned up and citations omitted). "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017).

Frontier attached four exhibits to its Answer: (1) Schily's adult criminal record, Doc. 9-1; (2) an affidavit of Ashley Maberry explaining that Schily was not required to register as a sex

6

offender prior to August 2, 2024, Doc. 9-2; (3) Schily's Employment Application,[2] Doc. 9-3; and (4) Schily's Notice of Employment,[3] Doc. 9-4. Schily's adult criminal record is a public record, and thus, may be considered in deciding the Rule 12(c) motion. However, the Does argue that the Maberry affidavit, Schily's Employment Application, and Schily's Notice of Employment were "neither referenced nor embraced by the complaint" and should not be considered by this Court in deciding Frontier's motion for judgment on the pleadings. Doc. 16 at 12.

Beginning with the Maberry affidavit, nothing in the Complaint alleges Schily was registered or was required to register as a sex offender. Thus, the Maberry affidavit is not embraced by the Complaint and cannot be considered on a motion for judgment on the pleadings. The Complaint likewise does not embrace Schily's Employment Application and Notice of Employment. The Does allege that Schily was employed by Frontier and allege that as an employee, he had "frequent interaction and access to its guests." Doc. 1 at 4. But the Does allege employment generally, and the Complaint alleges neither the specific role Schily was hired to fill nor what information Schily disclosed in his Employment Application, let alone even mention the documents. If "merely referencing the existence of a document, without alleging the specific contents, is not enough for the documents to be necessarily embraced by the complaint or incorporated by reference," Grevlos v. Augustana University, 4:23-CV-04086, 2023 WL 8880321, at *4 (D.S.D. Dec. 22, 2023) (citing Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)), then surely failing to both reference the documents or allege their specific contents falls

---

[2] The employment application is brief but includes Schily checking a box "no" on whether he had ever been convicted of a felony. Doc. 9-3. The employment application lists Schily's high school as McCrossan Boy's Ranch, which the Does argue to be a red flag of sexual promiscuity, substance abuse and juvenile delinquency. Doc. 16 at 13.
[3] The Notice of Employment is a one-page document showing Schily's hiring date of July 24, 2023, as a "dish/cook." Doc. 9-4.

7

short too. Thus, this Court will not consider the Employment Application or Notice of Employment in deciding Frontier's motion for judgment on the pleadings.

### 2. Negligent Hiring, Retention, and Supervision

Counts One and Two of the Complaint allege Frontier was negligent in the hiring, retention, and supervision of Schily.[4] Doc. 1 at 10–11. "[A]n employer may be held liable for negligent hiring, retention, . . . and supervision." Kirlin v. Halverson, 758 N.W. 2d 436, 448 (S.D. 2008). The Does combined claims for negligent hiring, retention, and supervision into both counts but negligent hiring, negligent retention, and negligent supervision are three distinct "theories of negligence." Id. at 452. Rule 10(b) states, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Nevertheless, the Does' Complaint "is sufficiently clear to apprise Defendants of the claims against them, as evidenced by the fact that Defendants in fact responded to each of the claims in their motion [for judgment on the pleadings]." Gardunio v. Town of Cicero, 674 F. Supp. 2d 976, 984 (N.D. Ill. 2009). This Court accordingly will address each of the three theories of negligence.

#### a. Negligent Hiring

"[A] negligent hiring claim suggests that *at the time an employee was hired*, it was negligent for an employer to engage the employee's services based on what the employer knew or should have known about the employee." Kirlin, 758 N.W.2d at 452. The Supreme Court of South Dakota has recognized that the duty of reasonable care in hiring may, under certain circumstances, require an employer "to conduct a pre-employment background investigation . . . depend[ing] on the degree of contact the employee will have with the public in the prospective job." Iverson v.

---

[4] Both counts are for "Negligent Hiring, Retention and Supervision" and differ only in that Count One relates to Johnny Doe and Count Two relates to Jack Doe.

NPC Int'l, Inc., 801 N.W. 2d 275, 279–80 (S.D. 2011). The duty to conduct a pre-employment background investigation exists "when the employee makes frequent contact with the public and those in a special relationship with the employer." Id. at 280. However, "[w]hen an employee comes into minimum contact with the public or those in a special relationship with the employer, the employer need not perform a background investigation." Id. (citation omitted).

In the present case, the Does allege that "Schily had a history of pedophilia, was caught performing sexual acts on young children, ordered to a residential treatment facility for sexually aggressive males, and regularly viewed child pornography on his phone at work." Doc. 16 at 6. The Does also allege that Schily "repeatedly violated South Dakota's law against sexually molesting children." Doc. 1 at 4. The Does also allege that Frontier "knew or should have known about Schily's history of inappropriate sexual conduct with children." Id. at 5. Despite Schily's history, Frontier hired Schily to work at its hotel and restaurant which are open to the public. Id. at 4. The hotel and restaurant share a bathroom located in the lobby that is used by both guests and employees. Id. at 5. The Does allege that Schily had frequent interaction and access to guests as an employee. Id. at 4. The Does have pled facts sufficient to claim that Frontier had a duty to conduct a background investigation into Schily before hiring him. See Iverson, 801 N.W. 2d at 280. The Does also allege that Frontier did not perform a background check on Schily before hiring him. Doc. 1 at 5. These allegations are sufficient to state a claim for negligent hiring.

Frontier argues that the Does' allegations that Schily "repeatedly violated South Dakota's law against sexually molesting children," "had a history of pedophilia," and "was caught performing sexual acts on young children" are nothing more than "labels and conclusions" and that the Complaint fails to meet the pleading standard set forth in Twombly. Doc. 11 at 4, 7. When the Supreme Court discusses "labels and conclusions," it is referring to conclusions of law. Indeed,

9

within the same sentence in Twombly discouraging pleading "labels and conclusions," the Court stated that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. What Frontier characterizes as "labels and conclusions" here are factual allegations.

Frontier's argument raises a potential dilemma on causation for the Does. Had Frontier conducted some sort of background check, the results may not have revealed that Schily "repeatedly violated South Dakota's law against sexually molesting children." Doc. 1 at 4. Frontier argues that such information would have been confidential because Schily was a juvenile at the time the prior bad acts occurred, and juvenile criminal records are confidential under South Dakota law. Doc. 11 at 8 (citing SDCL §§ 26-7A-7, 27–29, 36–38, 114–16, 120). However, background checks are not necessarily limited to one's criminal records, and the Does' allegations are not confined to Schily's juvenile criminal history. At this stage on a motion for judgment on the pleadings, this Court will not speculate about what information may or may not have been available to Frontier had it more extensively vetted Schily before hiring him. For purposes of Frontier's motion, the Does have sufficiently alleged that Frontier was negligent in hiring Schily based on what Frontier allegedly should have known about Schily.

### b. Negligent Retention

"A negligent retention claim alleges that information which the employer came to know, or should have become aware of, *after hiring the employee* made continued employment of the employee negligent." Kirlin, 758 N.W.2d at 452 (citing Yunker v. Honeywell, Inc., 496 N.W. 2d 419, 422–23 (Minn. App. 1993). Negligent retention claims are distinct from negligent hiring claims. "The difference between negligent hiring and negligent retention focuses on when the employer was on notice that an employee posed a threat and failed to take steps to insure the safety of third parties." Yunker, 496 N.W. 2d at 423. To prevail on a negligent retention claim, a plaintiff

must show that "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." Id. (citation omitted).

Here, the Does claim that Schily, after being hired by Frontier, used drugs[5] before and during work and never subjected him to a drug test, and that he would watch child pornography at work. Doc. 1 at 5, 8. The Does also allege, albeit somewhat vaguely, that "Schily exhibited other warning signs over the course of his employment that informed or should have informed [Frontier] that Schily was a danger to the hotel and restaurant's guests." Id. at 8. The Does have pleaded enough to state a claim for negligent retention, so Frontier is not entitled to judgement on the pleadings as to any claim for negligent retention.

### c. Negligent Supervision

"[A] negligent supervision claim alleges that the employer inadequately or defectively managed, directed or oversaw its employees." Kirlin, 758 N.W.2d at 452. "The duty involved in a negligent supervision claim is one of ordinary care." Iverson, 801 N.W. 2d at 283.

The Does allege that while at work, Schily had access to the public restrooms and facilities that guests also had access to. The Does also claim that Frontier knew or should have known about the danger Schily posed to children and that Frontier did nothing in response to the danger he posed. Ultimately, Schily sexually assaulted children in the shared facilities while at work.

---

[5] Schily's alleged drug use would not necessarily put Frontier on notice that Schily posed a threat of sexually assaulting children. See Doe v. Messina, 349 S.W.3d 797, 803 (Tex. App. 2011) (holding sexual assault was not a foreseeable consequence of underage drinking); Helfman v. Northeastern University, 149 N.E. 3d 758, 774 (Mass. 2020) (holding that sexual assault of student was not foreseeable based on prevalence of alcohol on campus). The Does ultimately will have to show how Frontier became aware or should have become aware of Schily's misbehavior, such as watching child pornography while on the job. See Arvidson v. MidwestOne Bank, No. 19-CV-2336, 2021 WL 1215825, at *4 (D. Minn. March 31, 2021) (plaintiffs failed to present evidence that an employer knew or should have known that an employee watched pornography at work).

11

Accordingly, the Does have sufficiently alleged that Frontier was deficient in managing, directing, and overseeing Schily and have stated a claim for negligent supervision.

### 3. Failure to Control

Counts Three and Four of the Complaint allege Frontier failed to exercise reasonable control over Schily to prevent Schily from assaulting Johnny and Jack Doe. Doc. 1 at 11–12. Unlike claims for negligent hiring, retention, and supervision which involve a general duty of care concerning Frontier's "duty to conduct *itself* reasonably," claims for failure to control employees involve a duty to prevent the misconduct of a third party. Kirlin, 758 N.W.2d at 451. "Generally, the law imposes no duty to prevent the misconduct of a third person." Iverson, 801 N.W.2d at 280 (citation omitted). However, the Supreme Court of South Dakota has recognized an exception to this general rule when a special relationship exists between the defendant and a third party. Id. "To show a duty to prevent the misconduct of a third party, the plaintiff must show (1) that a special relationship exists between the parties and (2) that the third party's injurious act was foreseeable." Id. (citing Restatement (Second) of Torts, § 317). Such a relationship generally exists between an employer and employee, and for the purposes of its motion, Frontier does not dispute the existence of a special relationship between Schily and Frontier. Doc. 11 at 5. However, Frontier argues that the Does failed to plead sufficient facts demonstrating that Schily's conduct was foreseeable. Id. at 7.

To allege foreseeability, the complaint must contain facts showing that Frontier "knew or should have known of the necessity and opportunity for exercising . . . control" over Schily. Iverson, 801 N.W.2d at 281 (cleaned up) (quoting Restatement (Second) of Torts, § 317(b)(ii)). "Liability is not contingent upon foreseeability of the extent of the harm or the manner in which it occurred. This means that the *exact harm* need not be foreseeable. Rather, the

harm need only be *within the class* of reasonably foreseeable hazards that the duty exists to prevent." Id. (cleaned up and citation omitted). Foreseeability is evaluated under the totality of the circumstances and "viewed from the allegedly negligent party's perspective." Id. To judge foreseeability, one "must look to all the circumstances surrounding this incident to determine whether [Frontier] should have foreseen [Schily's] . . . conduct." Id. at 282.

As mentioned already, the Does allege that "Schily had a history of pedophilia, was caught performing sexual acts on young children, ordered to a residential treatment facility for sexually aggressive males, regularly viewed child pornography on his phone at work, and "repeatedly violated South Dakota's law against sexually molesting children." Docs. 1 at 4, 16 at 6. The Does claim that Frontier "knew or should have known that Schily was a danger to its guests, particularly its youngest guests." Id. at 9. The Does also allege that Schily exhibited "warning signs over the course of his employment that informed or should have informed [Frontier] that Schily was a danger to the hotel and restaurant's guests." Id. at 8.

Frontier responds by arguing that these allegations are nothing more than "labels and conclusions." Doc. 11 at 4, 7. The Does' allegations taken together are factual allegations, not merely labels and conclusions. Whether the Does can prove or even present evidence to create a genuine issue of material fact that Schily's misconduct was within the class of harm that was reasonably foreseeable to Frontier is not an issue to be resolved on a motion for judgment on the pleadings. The Does have sufficiently alleged, if the factual allegations are taken as true, that Frontier had and breached a duty of control over Schily.

## II.     Motion to Strike

Frontier moves to strike paragraphs 28, 30, 31, 32, and 35 of the Complaint, which state:

> 28.     Schily had a history of drug abuse.
> 30.     Schily also had a history of pedophilia.

13

> 31. As a teenager, Schily was caught performing sexual acts on young children.
> 32. Schily repeatedly violated South Dakota's law against sexually molesting children.
> 35. Schily spent a significant part of his teenage years at Our Home, Inc.

Doc. 1 at 4. Frontier argues that the information contained in the allegations could only be obtained from confidential juvenile records and that the information would be inadmissible under South Dakota law. Doc. 13 at 2, 4. Frontier also argues that it is prejudiced by the Complaint's inclusion of confidential information that Frontier could not access. Id. at 4. The Does respond by arguing that South Dakota law requires that only *records* be kept confidential, not the underlying information, especially when that information is available through other means such as potentially from Schily himself. Doc. 17 at 2–3. The Does also argue that prejudice is not a basis to strike, and whether Frontier had access to the information alleged is something to be tested during discovery. Id. at 4.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike and states in part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court enjoys "liberal discretion" under Rule 12(f). Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation marks omitted). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, [the United States Court of Appeals for the Eighth Circuit has] previously held that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" Id. (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). Thus, motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Poulos v. Summit Hotel

Props., LLC, No. CIV 09-4062-RAL, 2010 WL 2034634, at *3 (D.S.D. May 21, 2010) (cleaned up and citation omitted).

Frontier argues that the information is "impertinent," "immaterial," and "scandalous." Doc. 13 at 5. "'[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Id. Here, the information in the challenged paragraphs of the complaint potentially is both pertinent and material to the Does' claims for relief. What remains then is whether the allegations are "scandalous."

"The word 'scandalous' in Rule 12(f) generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. Apr. 13, 2003) (cleaned up and citation omitted) (striking accusations of racism). "It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." Lynch v. Southhampton Animal Shelter Found. Inc., 278 F.R.D. 55, 64–65 (E.D.N.Y. 2011).

Allegations containing information obtained from confidential records "might fall under this category if the information alleged is irrelevant to the action or defense." Warner v. Little John Transp. Servs., Inc., No. 5:19-CV-05042, 2019 WL 1531272, at *2 (W.D. Ark. Apr. 9, 2019). However, in this case, the information alleged is relevant to the Does' claims. Although South Dakota "has a strong interest in preserving the confidentiality of juvenile proceedings [and records]," Matter of Hughes Cnty. Action No. JUV 90-2, 452 N.W. 2d 128, 132 (S.D. 1990), the Does presumably did not rely on confidential juvenile records to make such allegations.

Ultimately, what Frontier raises is an evidentiary challenge, contending that the Does are relying on confidential and inadmissible information that could not have been known to Frontier. Such a challenge is better suited for summary judgment or for trial if the information ultimately is not relevant or is more unfairly prejudicial than probative. See Smith v. Kilgore, 926 F.3d 479, 485 (8th Cir. 2019) ("Though parties may identify evidence at summary judgment that would be inadmissible at trial, they must demonstrate that the evidence may be offered at trial in an admissible form."). Thus, Frontier's motion to strike is denied.

### III. Conclusion

For the following reasons, it is

ORDERED that Frontier's Motion for Judgment on the Pleadings, Doc. 10, is denied. It is further

ORDERED that Frontier's Motion to Strike, Doc. 12, is denied.

DATED this 5th day of May, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE