UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF THEIR MINOR CHILDREN, JOHNNY DOE AND JACK DOE; AND JANE DOE, AS PARENTS AND NATURAL GUARDIANS OF THEIR MINOR CHILDREN, JOHNNY DOE AND JACK DOE;<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER LODGING OF SPEARFISH, L.L.C.,<br><br>Defendant. | 5:24-CV-05076-RAL<br><br><br>PROTECTIVE ORDER |

WHEREAS, upon joint motion of all the parties for entry of a Protective Order and for good cause shown, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c).

WHEREAS, the parties are prepared to produce certain documents in this action, provided there is in place a Protective Order governing the use of such information and materials;

WHEREAS, the parties believe in good faith that certain materials requested contain confidential, safety sensitive, or proprietary information;

WHEREAS, under Fed. R. Civ. P. 26(c), the Court is authorized to make a protective order for good cause, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, undue burden, or oppression;

1

THEREFORE, THE COURT ORDERS that the following procedure shall govern the production, use, and return of confidential information and materials:

**I.  Confidential Information.**

   A.   Any party may mark a document produced in discovery "Confidential" if it believes the document qualifies for protected status. "Confidential Information" qualifying for protected status refers to and shall be limited to private, non-public information, including the identities of the Plaintiffs, medical treatment records, law enforcement records, policies and training materials, non-public financial and business records, personnel data and files, information obtained from third parties pursuant to a nondisclosure agreement, other research and development or commercial information, and any other information that is generally treated as confidential or proprietary by the designating party.

   B.   The parties will designate Confidential Information by placing a "Confidential" stamp or label on any document they deem confidential, or by identifying in writing (or, in the case of a deposition, on the record and/or promptly after receipt of a transcript by the designating party) what they deem to be confidential.

**II.  The Parties' Protection of Confidential Information.**

   A.   The parties to this litigation shall not use or disclose Confidential Information for any purpose other than preparing for and conducting litigation in this case, including depositions of parties and non-parties, any hearings held in this matter, and trial.

   B.   The parties will not disclose or permit the disclosure of any Confidential Information without each other's mutual prior written consent except that disclosure without their consent may be made to:

1. Counsel retained by the parties to represent them in this case and employees of such counsel who have direct functional responsibility for the preparation and trial of the litigation. Any such employee to whom counsel makes a disclosure must be advised of, and become subject to, the provisions of this Order.

2. Court reporters, when necessary to question a witness in a deposition, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure before any court reporter or to any person engaged to make photocopies of documents, such person must agree to be bound by the terms of this Order.

3. Consultants or experts (collectively, "Experts") employed or retained by the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any Expert, counsel for the disclosing party shall have the Expert review this Protective Order, and the Expert must agree to be bound by the terms of this Order.

4. Any witness who on the face of the confidential document wrote or received the document and/or his or her supervisor. These individuals must agree to be bound by the terms of this Order.

5. Insurers, risk pools, reinsurers, auditors or accountants, to whom the parties or their counsel have a statutory or contractual obligation to transmit or report concerning this action.

C. To the extent that any document to be filed with the Court reveals or tends to reveal Confidential Information, each such document, or any portion thereof, must be filed under seal by the filing party. The parties cannot file sealed documents in CM/ECF. If it is necessary to attach a protected document to a pleading, the filing party shall file an attachment to the pleading with a

notation that the protected document is being delivered to the Clerk of Court to be filed under seal pursuant to the terms of this order. The filing party must manually serve the protected document on the opposing party, meaning not through PACER, but by emailing or mailing it to the opposing party.

  D. When the protected document is received by the Clerk of Court, it will be scanned and added to CM/ECF as a sealed attachment. The original will be destroyed after scanning unless the filing party delivers the protected document to the Clerk of Court with a written request to return the document to the filing party.

  E. If any Confidential Information is used in any court proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Information shall not lose its status as Confidential Information through such use. The parties must take all steps reasonably necessary to protect the confidentiality of the Confidential Information during any such use, including, but not limited to, requesting in camera or closed proceedings.

  F. At the conclusion of the litigation, the parties will destroy or return to the producing party within sixty (60) days of the conclusion of the case, including any appeals, all Confidential Information they received from one another, with the exception that counsel will be able to retain a copy of the information for their respective files for a period of seven (7) years. After the seven (7) year retention period, the Confidential Information will be destroyed.

**III.** **Challenge to Claim of Confidentiality.**

  The parties may challenge each other's designation of Confidential Information by motion, but initially must attempt to resolve any challenge by informal, direct discussions with opposing counsel. A receiving party's failure to object at the time of disclosure of such material shall not constitute a waiver of the right to object at any time afterward and shall not constitute an agreement

that the information designated "Confidential" actually constitutes confidential or proprietary information. The challenged document is to be treated as confidential and subject to this Protective Order until the Court has ruled that the document is no longer subject to this Protective Order.

IV. **Binding Effect.**

This Order shall bind the parties hereto, and any other person or entity to whom Confidential Information is disclosed pursuant to the terms of Section II(B) above, as well as their respective affiliated organizations, employees, agents, officers, executives, directors, successors, assigns, and attorneys.

V. **Admissibility.**

Neither the entry of the Protective Order nor the designation of any item as "Confidential" shall be construed as an admission that such document or testimony actually constitutes confidential or proprietary information. Nor shall it constitute an admission that such designated material would be admissible in evidence in this litigation or in any other proceeding.

IT IS SO ORDERED.

DATED this 2nd day of July, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE